WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-08077-001-PCT-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Kirby Bileen, | |
| Defendant. | |

On January 29, 2026, I sentenced Defendant Michael Kirby Bileen to 51 months in prison after he pled guilty to Assault Resulting in Serious Bodily Injury in violation of Title 18 U.S.C. §§ 1153 and 113(a)(6). (Doc. 42.) At sentencing, Bileen objected to the Government's request for restitution on behalf of the victim, S.T.,[1] arguing that the Government had provided no evidence to support the restitution request. (Doc. 40.) I deferred resolution of the issue and set a restitution hearing. (*Id.*) On April 21, 2026, I held the hearing. (Doc. 48 (minute entry).) Following the hearing, the parties did not submit briefing.[2] For the reasons stated below, I will **grant** the restitution request as modified at the restitution hearing.

---

[1]    I will refer to the victim by her initials to protect her privacy.

[2]    At the restitution hearing, I ordered the parties to submit simultaneous briefing as to whether the nature of the restitution sought was recoverable under 18 U.S.C. § 3663A. Later, I determined that pursuant to 18 U.S.C. § 3663(a)(3), a court may "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." Because the plea agreement supplies authority under § 3663(a)(3) to award restitution, I need not reach whether § 3663A would independently authorize restitution and thus advised the parties that any supplemental briefing was optional. (Doc. 48.)

## I.    BACKGROUND

On February 19, 2024, Bileen stabbed S.T. at her residence located on the Navajo Nation Indian Reservation, resulting in a seven-centimeter laceration to S.T.'s face.  (Doc. 37 at ¶¶ 6, 9 (Presentence Investigation Report or "PSR").)[3]  After he was indicted, Bileen pled guilty, (*see* Doc. 23), pursuant to a plea agreement that required him to pay restitution pursuant to a provision stating, in relevant part:

> Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution regardless of the resulting loss amount, but in no event more than $250,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.

(Doc. 24 at 2–3 (Section 3(b)).)

In connection with Bileen's January 29, 2026 sentencing, S.T. initially requested $4,500 in restitution in the following amounts: (a) $1,500 for "expenses related to traditional healing which involved the use of a medicine man"; and (b) $3,000 "to pay for damage caused to her home by [Bileen] on the day of the assault" because he "punched and kicked holes in her walls, he damaged her front door, and he damaged a window that evening."  (PSR ¶¶ 14–15.)  At the sentencing hearing, Bileen objected to restitution and requested a restitution hearing, which I held on April 21, 2026.

At the restitution hearing, the Government and S.T. confirmed that they were no longer requesting any restitution associated with traditional healing services and were seeking a smaller amount of restitution for damage Bileen allegedly caused to S.T.'s home. With the aid of photographs admitted into evidence, S.T. testified that during his assaultive behavior on February 19, 2024, Bileen damaged: (i) a large section of wood wall panels in her living room (Ex. 3, 4); (ii) another large section of wood wall panels in a separate area of her home, (Ex. 5, 10); (iii) her front door, (Ex. 12); (iv) another section of wood wall panels in her home, (Ex. 15); and (v) a window pane, (Ex. 16, 19).  (Doc. 56 at 19:2–36:5

---

[3]    At his sentencing, Bileen did not object to any of the facts set forth in the PSR.

(hearing transcript).)  S.T. testified that the cost of material needed to repair the damage caused by Bileen totaled $886.23 based on a quote obtained from Home Depot and comprised of the following:

- 1 replacement window                                      $218.00
- 1 box of Grip-Rite drywall screws                         $6.97
- 3 sheathing boards 4 ft. x 8 ft. ($35.48 each)            $106.44
- 6 gypsum boards 4 ft. x 8 ft. ($15.28 each)              $91.68
- 24 boards 2 in. x 4 in. ($3.55 each)                      $85.20
- 1 Kwikset door knob and lock combo pack                   $113.94
- 1 front door                                              $264.00

**Total      $886.23**

(Doc. 56 at 36:6–41:22 (referring to Ex. 20).)  S.T. confirmed that she did not seek restitution for any labor associated with the repairs because her family had helped her obtain the estimates of replacement material and would continue assisting her with repairs to her home.  (*Id.* at 41:7–12.)

## II.    DISCUSSION

### A.    Legal Standard

Under 18 U.S.C. § 3663, a court may "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."  18 U.S.C. § 3663(a)(3).  Thus, "in 'any' criminal case, regardless of the crimes of conviction, and regardless of the defendant's conduct, a defendant may agree in a plea agreement to pay restitution to a victim."  *In re Doe*, 57 F.4th 667, 673 (9th Cir. 2023).  "In other words, even if the defendant's conduct, or the crimes to which a defendant pleads guilty, would not otherwise give rise to mandatory restitution, a defendant may agree to pay restitution, and the district court has authority to enforce that agreement by ordering restitution."  *Id.*

"Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence."  18 U.S.C. § 3664(e).  The government bears the burden of demonstrating the amount of the loss sustained by a victim.  *Id.*; *see also*

*United States v. Clayton*, 108 F.3d 1114, 1118 (9th Cir. 1997). The Federal Rules of Evidence do not apply to restitution proceedings. *See United States v. Yeung*, 672 F.3d 594, 606 (9th Cir. 2012), *abrogated on other grounds by Robers v. United States*, 572 U.S. 639 (2014). Instead, "the district court may utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy." *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (cleaned up).

### B.    Restitution for Bileen's Relevant Conduct

In construing plea agreements, courts must "begin 'with the fundamental rule that plea agreements are contractual in nature and are measured by contract law standards.'" *In re Doe*, 57 F.4th at 673 (quoting *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000)). Thus, if the terms of a plea agreement are clear, they must be applied. *Id.*

In this case, Section 3(b) of the plea agreement clearly sets forth Bileen's obligation to pay restitution to victims directly or proximately harmed by his "relevant conduct," as that term is defined in Section 1B1.3 of the United States Sentencing Guidelines, including "uncharged conduct." (Doc. 24 at 2–3.) And as pertinent here, Section 1B1.3(a) defines relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A).

S.T. testified that during the commission of the offense of conviction—the assault resulting in her serious bodily injury in violation of Title 18 U.S.C. §§ 1153 and 113(a)(6)—Bileen damaged numerous parts of her home. Her testimony established that the assault and the property damage were temporally and spatially intertwined—that the damage occurred during the fight, including by Bileen falling into a panel, punching the wall, and breaking the front door's hinges by forcing his way in. (*See* Doc. 56 at 19:2–36:5.) I find that the property damage S.T. testified about, which was caused by Bileen contemporaneously during his commission of the assault, is relevant conduct.

Furthermore, S.T. testified that the materials needed to repair the damage Bileen caused cost $886.23. (*Id.* at 36:6–41:22.) At the restitution hearing, Bileen conceded that

- 4 -

cost estimates for repair materials was an appropriate method for calculating the amount of restitution owed for property loss, even where repairs have not yet been made. (*Id.* at 43:19–44:7.)   I find by a preponderance of the evidence that Bileen directly and proximately caused S.T.'s losses, and that the cost of repair materials—$886.23—is a reasonable measure of S.T.'s losses based on Ex. 20, the estimate from Home Depot, and S.T.'s testimony, which confirmed that the materials and quantities set forth in her final restitution request were tied to specific damage caused by Bileen.[4]   Bileen will therefore be required to pay this amount in restitution, albeit on a payment schedule given his limited ability to pay. (*See* PSR ¶¶ 68–70.) *See* 18 U.S.C. § 3664(f)(2).

**III.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Michael Kirby Bileen shall pay restitution in the amount of $886.23 to victim S.T. in eight monthly installments of $100 and a final monthly installment of $86.23.  Payment of criminal monetary penalties, including restitution, is due during imprisonment at a rate of not less than $25 per quarter.   Amended Judgment to issue.

Dated this 29th day of April, 2026.

Honorable Sharad H. Desai
United States District Judge

---

[4]   This includes the $113.94 Kwikset lock combo, which was necessary because Bileen's damage to the front door required a new door with new locks.  (*Id.* at 46:17–22).

- 5 -